Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Elina E. Kharit (SBN 261029)
ekharit@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ELIAS PHOTOGRAPHY, LLC, an Oregon Limited Liability Company;<br><br>Plaintiff,<br><br>v.<br><br>MELIA HOTELS INTERNATIONAL, S.A., a public limited Spanish company; THE SOL GROUP, CORP., a Delaware corporation; GLOBALIA CORP. EMRESARIAL, S.A., a Spanish company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

VICTOR ELIAS PHOTOGRAPHY, LLC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

1
COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 (federal question) and 1338 (a) and (b) (copyright). In addition, this Court has subject matter jurisdiction under 28 U.S.C. §1332 (diversity) because there is complete diversity of citizenship between all the parties and the amount in controversy exceeds &75,000 as alleged herein.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and the Defendants may be found and/or transact business within this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4. Plaintiff VICTOR ELIAS PHOTOGRAPHY, LLC. ("ELIAS") is an Oregon Limited Liability Company managed by Victor Elias, an award-winning international photographer specializing in architecture, hotel, and resort photography. Over the years, ELIAS has developed a unique style that captures the most representative aspects of architecture, interior design, and lifestyle of hotels and luxury properties. Its images appear on the pages of international travel magazines, and have contributed to campaigns with recognized international advertising agencies. ELIAS maintains an office in Laguna Beach, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant MELIA HOTELS INTERNATIONAL, S.A. ("MELIA"), is a public limited Spanish company, with its primary place of business located at Gremio Toneleros 24, Palma De Mallorca, 07009, Spain. MELIA owns, manages, operates, leases, and franchises approximately three hundred and ninety (390) hotels in forty-four (44) countries, including the United States (e.g., Melia Orlando Suite Hotel at Celebration, located

at 225 Celebration Place, Celebration, Florida, and INNSIDE New York NoMad at 132 West 27th Street, New York, York).

6. Plaintiff is informed and believes and thereon alleges that Defendant THE SOL GROUP, CORP. ("SOL GROUP"), is a Delaware corporation, with its primary place of business located at 800 Brickell Avenue, Suite 1000, Miami, Florida 33131, which is registered to do business in California. According to its Statement of Information filed with the State of California Secretary of State (California Corporate Number C1626445) SOL GROUP specializes in the promotion of hotel services. Plaintiff is informed and believes and thereon alleges that SOL GROUP manages all MELIA's domestic operations.

7. Plaintiff is informed and believes and thereon alleges that Defendant GLOBALIA CORP. EMRESARIAL, S.A. ("GLOBALIA") is a Spanish company, with its primary place of business located at Carretera Arenal Llucmajor KM 215, 7620 Spain. Plaintiff is informed and believes and thereon alleges that Defendant GLOBALIA is the owner and operator of MELODY MAKER CANCUN ("MELODY MAKER"), an all-inclusive resort located at Blvd. Kukulcan, El Rey, Zona Hotelera, 77500 Cancún, Q.R., Mexico. Globalia does business in and with California, including by targeting advertising incorporating the infringement at issue to its residents.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS AGAINST DEFENDANTS, AND EACH OF THEM

10. ELIAS photographed ME Cabo, a hotel property in Cabo San Lucas, Mexico that was owned and/or operated by MELIA. The images ("Subject Photographs Cabo") were registered as "ME Cabo Set I" and "ME Cabo Set II" with the U.S. Copyright Office on June 16, 2013, under Registration Numbers VA 1-865-064 and VA 1-865-062, respectively.

11. ELIAS also photographed ME Cancun, a hotel property in Cancun, Mexico that was owned and/or operated by MELIA. The images ("Subject Photographs Cancun") were registered as "ME Cancun Set I," "ME Cancun Set II," and "ME Cancun Set III" with the U.S. Copyright Office on June 16, 2013, under Registration Numbers VA 1-865-061, VA 1-865-060, and VA 1-864-059, respectively.

12. ELIAS also photographed Gran Melia Cancun, a hotel property in Cancun, Mexico that was owned and/or operated by MELIA. The images ("Subject Photographs Gran Cancun") were registered as "Gran Melia Cancun Set I," "Gran Melia Cancun Set II," and "Gran Melia Cancun Set III" with the U.S. Copyright Office on June 16, 2013, under Registration Numbers VA 1-865-135, VA 1-865-099, and VA 1-865-095, respectively.

13. Plaintiff owns the original Subject Photographs Cabo, Cancun, and Gran Cancun (collectively referred to as "Subject Photographs").

14. Between 2006 and 2013, ELIAS granted limited licenses for select Subject Photographs to SOL GROUP for the sole purpose of promotion and marketing of the following MELIA properties, ME Cabo, ME Cancun, and Gran Melia Cancun.

15. Sometime in 2017, Plaintiff discovered that three (3) Subject Photographs Cancun, one (1) Subject Photograph Gran Cancun, and five (5) Subject Photographs Cabo were being used without license or permission to promote and sell condominiums in the MELIA-owned White Sands Hotel & Spa development in the Cape Verde. The Subject Photographs are attached hereto as Exhibit A.

16. Plaintiff believes and thereon alleges that sometime after he licensed the Subject Photographs, SOL GROUP and/or MELIA distributed the Subject Photographs to their business partners and/or affiliates for the purposes of promoting and marketing its development White Sands Hotel & Spa in Cape Verde, in violation of the licensing agreements.

17. Plaintiff further believes and thereon alleges that SOL GROUP and/or MELIA, and DOE Defendants wrongfully removed copyright management information ("CMI") from his copyrighted works and distributed the Subject Photographs to, and for display on, third-party travel websites to promote its White Sands Hotel & Spa property.

18. Following the publication and display of the Subject Photographs, MELIA, SOL GROUP, and DOE Defendants, and each of them used the Subject Photographs without authorization, outside of the scope of the license, for commercial purposes in various ways, including, but not limited to, promotion and marketing of the White Sands Hotel & Spa development in the Cape Verde, and the use on websites such as www.hipmunk.com, www.whitesandshotelandspa.com,

1. https://www.property-wealth.com/properties/white-sands-hotel-spa-cape-verde/,
www.whycapevrede.com, www.aanbodbuitenland.nl, www.albanyhill.co.uk, www.alexandriareal.cz, www.alternativepropertyinvestment.co.uk, www.capeverdepropertyinvestment.co.uk, www.immowelt.de, www.livingonthebeach.es, www.pdarboisimmobilier.com, www.rightmove.co.uk, www.sreality.cz. Attached hereto as Exhibit B are screenshots of the infringing uses of the Subject Photographs.

## CLAIMS AGAINST GLOBALIA AND DOE DEFENDANTS

19. Sometime in 2018, GLOBALIA opened the Melody Maker Hotel, which replaced ME Cancun that formerly operated at the site in Cancun, Mexico.

20. Sometime in 2018 Plaintiff discovered that thirty-eight (38) of the Subject Photographs were being used without his authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as www.hotelmelodymakercancun.com and www.hotelmelodymakercancun.com to promote and/or market the Melody Maker Hotel in Cancun. The Subject Photographs are attached hereto as Exhibit C. Attached hereto as Exhibit D are screenshots of the infringing uses of the Subject Photographs promoting the Melody Maker Hotel.

21. Plaintiff further believes and thereon alleges that GLOBALIA, SOL GROUP and/or MELIA, and DOE Defendants wrongfully removed copyright management information ("CMI") from his copyrighted works and distributed the Subject Photographs to, and for display on, third-party travel websites to promote the Melody Maker Hotel.

//
//

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

22. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through Plaintiff's website and social media accounts or viewing the Subject Photographs on third-party websites (e.g., Tumblr, Pinterest, etc.).

24. Plaintiff is informed and believes and thereon alleges that during the three years prior to the date of the filing of this action, and to date, Defendants, and each of them, violated Plaintiff's rights under 17 U.S.C. § 106 by displaying the Subject Photographs and offering to distribute and allow reproduction of the Subject Photographs to their affiliates, including for commercial use, and exploiting said images in multiple website posts without Plaintiff's authorization or consent.

25. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

26. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photographs in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal display, transfer and reproduction of promotion and marketing materials as well as other products featuring the Subject Photographs as alleged herein.

30. Plaintiff is informed and believes that Defendants MELIA and SOL GROUP, and DOE Defendants, transferred, displayed, reproduced, and used the Subject Photographs outside the scope of the license granted by Plaintiff to promote and market the White Sands Hotel & Spa development in Cape Verde.

31. Plaintiff is informed and believes that Defendants MELIA and SOL GROUP, and DOE Defendants, through their agreements with various property investment and marketing companies to promote the White Sands Hotel & Spa made the infringing Subject Photographs available to viewers in the United States through a variety of websites, not limited to, www.hipmunk.com, www.whitesandshotelandspa.com, https://www.property-wealth.com/properties/white-sands-hotel-spa-cape-verde/, www.whycapevrede.com, www.aanbodbuitenland.nl, www.albanyhill.co.uk, www.alexandriareal.cz, www.alternativepropertyinvestment.co.uk, www.capeverdepropertyinvestment.co.uk, www.immowelt.de, www.livingonthebeach.es, www.pdarboisimmobilier.com, www.rightmove.co.uk, www.sreality.cz.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, they had the ability to oversee the development, publication, and distribution of the infringing imagery at issue and realized profits through the distribution and publication of the Subject Photographs.

33. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

//

//

# THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 et seq. – Against All Defendants, and Each)

36. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that that during the three years prior to the date of the filing of this action, and to date, Defendants MELODY MAKER and GLOBALIA, and each of them, violated 17 U.S.C. §1202 *et seq.* by intentionally altering Plaintiff's attribution and copyright management information from the Subject Photographs and/or adding a false attribution designating MELODY MAKER as an owner and/or source of the Subject Photographs. Specifically, Defendants displayed the Subject Photographs with the following attribution information "Melody Maker Cancun – All Inclusive." Plaintiff is informed and believes that Defendants may also have removed other rights management information in the metadata of the Subject Photographs.

38. Plaintiff is informed and believes and thereon alleges that Defendants MELIA and SOL GROUP, and each of them, violated 17 U.S.C. §1202 *et seq.* by intentionally altering Plaintiff's attribution and copyright management information from the Subject Photographs and/or adding a false attribution designating MELIA and/or SOL GROUP as an owner and/or source of the Subject Photographs. Specifically, Defendants displayed the Subject Photographs with attribution information that included the following warning on their site: "[a]ll material published on this website is property of Melia Hotels International, S.A., who has the exclusive rights to use it in any way, especially reproduction, distribution, public communication and alteration rights." Plaintiff is informed and believes that

Defendants may also have removed other rights management information in the metadata of the Subject Photographs.

39. Defendants, and each of them, altered the attribution and copyright management information and distributed the stripped copies with knowledge that the copyright management information had been altered without authority of the Plaintiff or the law, and distributed and publicly displayed the infringing copies knowing that the copyright management information had been altered without authority to the copyright owner or the law, and knowing, or, with respect to civil remedies under §1203 having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal and infringement of Plaintiff's rights.

40. The above conduct is in violation of the Digital millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties, including in the form of Plaintiff's costs and attorney's fees.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damages and penalties. Specifically, Plaintiff is informed and believes and thereon alleges that Defendants knowingly and intentionally removed Plaintiff's rights management information and added an indicia that they owned or controlled the Subject Photographs and continue to display and distribute the Subject Photographs in that state.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

    a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Photographs;

b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded the costs of this action; and

f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 29, 2020                                 DONIGER/BURROUGHS

                                             By:   /s/ Stephen M. Doniger
                                                   Stephen M. Doniger, Esq.
                                                   Elina E. Kharit, Esq.
                                                   Attorneys for Plaintiff

COMPLAINT